**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK QUAYLE, | No. 24-4649 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-05984-MLP |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted September 15, 2025[**]
Seattle, Washington

Before: W. FLETCHER and DE ALBA, Circuit Judges, and ORRICK, District Judge.[***]

Mark Quayle appeals the district court's judgment affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision affirming the ALJ's denial of benefits de novo, and the ALJ's denial of benefits "for substantial evidence or legal error." *Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022). We affirm.

1.      We assume that Dr. Hopfenbeck's evaluation of Quayle is part of the administrative record that we consider in reviewing the Commissioner's decision. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Notwithstanding Dr. Hopfenbeck's evaluation, substantial evidence supports the Commissioner's determination that Quayle had the residual functional capacity (RFC) to perform light work, *see* 20 C.F.R. § 404.1567(b), and detailed tasks. According to multiple physicians who reviewed Quayle's medical history, Quayle's physical impairments required him to alternate between sitting and standing during the day, but did not prevent him from working altogether. The physicians' opinions were consistent with medical records demonstrating that Quayle's physical faculties, such as muscle strength, appeared largely intact; that epidural steroid injections and other medications improved his symptoms, *see Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010); and that he regularly engaged in light physical activity, such as performing chores and walking, *see*

*Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Similarly, several psychologists determined that Quayle's mental health conditions did not prevent him from performing work that involved limited contact with coworkers and the public. Their opinions were consistent with medical records reflecting that Quayle exhibited no cognitive impairment in most areas, including memory, concentration, speech, and linear thinking; and that medication somewhat improved his depressive symptoms. The fact that Quayle continuously worked for eight years before filing for benefits, notwithstanding that his physical impairments and mental-health conditions dated back to 2007, further supported the Commissioner's determination. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled . . . .").

That Dr. Hopfenbeck evaluated Quayle differently did not require the Commissioner to accept Dr. Hopfenbeck's conclusions. *See Ford*, 950 F.3d at 1155 (explaining that the Commissioner need not accept "the opinion of an examining doctor [that] is contradicted by another doctor"). Dr. Hopfenbeck, the other medical professionals, and the Commissioner relied on largely the same records, reflecting longstanding medical conditions. At best, Dr. Hopfenbeck offers an alternative interpretation of the evidence that might support Quayle's disability claim, which is insufficient to overturn the Commissioner's decision.

*See Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) ("[W]e will not disturb the ALJ's differing rational interpretation where the ALJ's interpretation is adequately supported.").

2.      The ALJ did not err in partially discrediting Quayle's testimony regarding the severity of his symptoms. An ALJ may discredit a claimant's testimony about the severity of his or her symptoms "by offering specific, clear and convincing reasons for doing so." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). Here, the ALJ explained that Quayle's statements "concerning the intensity, persistence, and limiting effects of [his] symptoms" were not consistent with his "treatment record," nor with "contemporaneous reports of actual functioning." *See Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("Inconsistencies between a claimant's testimony and the claimant's reported activities provide a valid reason for an adverse credibility determination."). The ALJ then described the records and evidence supporting the ALJ's conclusion, including those discussed above. The ALJ also found that inconsistencies between Quayle's testimony and the record regarding his cannabis use undermined his credibility. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) ("In assessing the claimant's credibility, the ALJ may use ordinary techniques of credibility evaluation, such as considering . . . inconsistent statements in her

testimony" (internal quotation marks and citation omitted)).  The ALJ's explanation for only partially crediting Quayle's testimony was sufficiently specific, clear and convincing, and supported by substantial evidence.

3.      Quayle is not entitled to a remand under sentence six of 42 U.S.C. § 405(g).  Sentence six "applies only to new evidence that is not part of the administrative record and is presented in the first instance to the district court." 682 F.3d at 1164.  Quayle concedes that Dr. Hopfenbeck's opinion was part of the administrative record.

**AFFIRMED.**

24-4649